O ✗

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALVIN WILEY, | ) | Case No. CV 10-5243-RGK (OP) |
| Petitioner, | ) ) | MEMORANDUM AND ORDER RE: SUMMARY DISMISSAL OF |
| v. | ) ) | PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE |
| LOS ANGELES COUNTY PROBATION DEPARTMENT, SHERIFF LEE BACA, | ) ) ) | CUSTODY (28 U.S.C. § 2254) FOR FAILURE TO EXHAUST STATE JUDICIAL REMEDIES |
| Respondents. | ) ) | |

## I.

## PROCEEDINGS

On July 16, 2010, Alvin Wiley ("Petitioner"), filed the current Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition").

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has examined the current Petition and finds that it plainly appears from its face that Petitioner is not entitled to relief in the district court. Specifically, the Court finds that the Petition is subject to dismissal without

1

1 prejudice for failure to exhaust state judicial remedies.

## II.

## PROCEDURAL HISTORY

On October 27, 2009, Petitioner was arrested for felony possession for sale of cocaine (Cal. Health & Safety Code § 11352(a)). (Pet. at 2.) On March 19, 2010, Petitioner was sentenced after the entry of a nolo contendre plea in the Los Angeles County Superior Court to a five year suspended sentence, one year of county jail time, and a one year residential program (presumably a residential drug treatment program). (Id.) Petitioner challenges his sentence. However, he acknowledges that he has not made any attempts to appeal or otherwise exhaust his state judicial remedies. (Id. at 2-8.) The Court's independent review of the California Courts' website reveals that Petitioner has not filed a petition for review in the California Supreme Court, nor has he sought habeas relief in that court. (Official Records of California Courts.[1])

## III.

## DISCUSSION

This Court may entertain a habeas application on behalf of a person who is in custody pursuant to a state court judgment and in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254. As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 179 (1982). The habeas statute now explicitly provides that a habeas petition brought

---

[1] The Court takes judicial notice of the state appellate court records, which are available on the Internet at http://appellatecases. courtinfo.ca.gov. See Smith v. Duncan, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

2

1    by a person in state custody "shall not be granted unless it appears that-- (A) the
2    applicant has exhausted the remedies available in the courts of the State; or (B)(i)
3    there is an absence of available State corrective process; or (ii) circumstances exist
4    that render such process ineffective to protect the rights of the applicant." 28
5    U.S.C. § 2254(b)(1).  Moreover, if the exhaustion requirement is to be waived, it
6    must be waived expressly by the State, through counsel.  <u>See</u> 28 U.S.C. §
7    2254(b)(3).

8         Exhaustion requires that the prisoner's contentions be fairly presented to the
9    state courts, and be disposed of on the merits by the highest court of the state.  <u>See</u>
10   <u>James v. Borg</u>, 24 F.3d 20, 24 (9th Cir. 1994); <u>Carothers v. Rhay</u>, 594 F.2d 225,
11   228 (9th Cir. 1979).  A claim has not been fairly presented unless the prisoner has
12   described in the state court proceedings <u>both</u> the operative facts and the federal
13   legal theory on which his claim is based.  <u>See</u> <u>Duncan v. Henry</u>, 513 U.S. 364,
14   365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); <u>Picard v. Connor</u>, 404 U.S. 270,
15   275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828,
16   830 (9th Cir. 1996).  A petitioner has the burden of demonstrating that he has
17   exhausted available state remedies.  <u>See, e.g.</u>, <u>Brown v. Cuyler</u>, 669 F.2d 155, 158
18   (3d Cir. 1982).

19        As set forth above, Petitioner challenges his sentence but acknowledges that
20   he has not made any attempts to appeal or otherwise exhaust his state judicial
21   remedies.  (<u>Id.</u> at 2-8.)  Further, Petitioner has not filed a petition for review in the
22   California Supreme Court, nor has he sought habeas relief in that court.  (Official
23   Records of California Courts.)

24        Based on the foregoing, it appears conclusively from the face of the Petition
25   that Petitioner has not fairly presented any claims to the state supreme court.
26   Thus, the current Petition is fully unexhausted.

27

28                                          3

**IV.**

**ORDER**

IT IS THEREFORE ORDERED that the Petition is hereby dismissed

without prejudice for failure to exhaust state judicial remedies, and Judgment shall

enter accordingly.[2]


DATED:     AUG - 2 2010 010                                HONORABLE R. GARY KLAUSNER
                                                            United States District Judge


Presented by: ·

HONORABLE OSWALD PARADA
United States Magistrate Judge

_____

    [2]   This dismissal does not relieve Petitioner from complying with the one-year
statute of limitations set forth in 28 U.S.C. § 2244(d) with respect to any future
habeas petitions filed in this Court.

4